IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JAMES GRASS,**

    **Plaintiff,**

 **v.**                                             No. 20-cv-0065 JAP/SMV

**ANDREW SAUL,**
**Commissioner of the Social Security Administration,**

    **Defendant.**

## ORDER

THIS MATTER is before the Court on two motions filed by pro se Plaintiff: "Motion for Default Judg[]ment and Order to Enforcement of Judgment" [Doc. 11], filed on May 7, 2020, and "Motion to Show Cause" [Doc. 21], filed on October 15, 2020. Defendant responded collectively to both motions on December 17, 2020. [Doc. 30]. Plaintiff did not reply, and the time for doing so has passed. The motions will be denied without prejudice.

Plaintiff was originally awarded disability benefits beginning on May 1, 2003. Tr. 70, 10. However, those benefits were ceased in 2010, and an overpayment of more than $45,000 was assessed. Tr. 10, 16. It appears that Plaintiff re-applied for benefits, which were re-awarded in 2020. [Doc. 11] at 7.

In the first motion at bar, Plaintiff appears to challenge the cessation of his benefits and request backpay. [Doc. 11]. In the second motion, Plaintiff attempts to challenge the monthly amount of benefits he currently receives.[1] [Doc. 21]. This Court's jurisdiction over Plaintiff's

---

[1] The Court has liberally construed Plaintiff's filings.

claims is limited by 42 U.S.C. § 405(g).  For example, this Court may only review final decisions of the Commissioner, which have been timely brought to federal court.  Therefore, in social security cases, this Court acts as an appellate body.  Accordingly, Plaintiff's challenges will have to be raised in the normal course of briefing.  *See* [Doc. 32].

**IT IS THEREFORE ORDERED** that the relief requested in Plaintiff's Motions [Docs. 11, 21] is **DENIED without prejudice**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**